**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**WILLIAM R. SHAW,**

 **Petitioner,**

 **v.**              Case No. 18-CV-1665

**RICHARD SCHMIDT, Office of the Sheriff,**

 **Respondent.**

**RECOMMENDATION FOR DISMISSAL OF PETITION**

  William R. Shaw, who is currently incarcerated at the Milwaukee County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 1.) Shaw also moves for leave to proceed without prepaying the $5.00 filing fee applicable to § 2241 petitions. (Docket # 2.) Shaw has also included his prison trust account statement. (Docket # 3.)

  Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Shaw's affidavit and his prison account statement showing a current balance of $227.59, Shaw has sufficient assets to pay the $5.00 filing fee. Accordingly, Shaw's motion to proceed without prepayment of the filing fee (Docket # 3) is denied.

  It would be futile, however, at this juncture to require Shaw to pay the $5.00 filing fee prior to screening his § 2241 petition. Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, I can

apply Rule 4 of such rules, providing for a prompt preliminary review of petitions for habeas corpus, to this case. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Shaw is a pretrial detainee, thus, he properly sought relief under § 2241. Shaw challenges two ongoing proceedings in the Milwaukee County Circuit Court—Case Nos. 17CF769 and 17CF3355. (Docket # 1 at 3.) Shaw alleges that he was subject to an illegal search and malicious arrest, abuse of process (in that the investigating officer falsified police reports and the probable cause statement contains fraudulent information), prosecutorial misconduct, and is receiving ineffective assistance of counsel. (*Id.* at 10-17.) Shaw alleges that he has filed a complaint with the Office of Lawyer Regulation against the prosecutor and has filed complaints with the Chief Judge of the Milwaukee County Circuit Court regarding these issues. (*Id.* at 9.)

While § 2241 allows a pretrial detainee to bring a habeas corpus petition, this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Hall v. Malcomson*, No. 17-CV-726-JPS, 2017 WL 2533392, at *3 (E.D. Wis. June 9, 2017). The general rule is that a pretrial detainee must proceed with his claims through the regular state criminal proceedings, and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). But an exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. *Id.* Speedy trial and double jeopardy

claims are two recognized exceptions allowed to proceed under § 2241. *Id.* Habeas corpus relief (under both § 2241 and § 2254) is limited to questions of federal law; relief is unavailable for errors of state law. *Estelle v. McQuire*, 502 U.S. 62, 67 (1991). Finally, pretrial detainees raising permissible federal claims under § 2241 must exhaust those claims first through available state court proceedings. *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (stating that while § 2241 applicants are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ").

Shaw's cases are still pending in Milwaukee County Circuit Court. He has not yet gone to trial in either case. Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County, Case No. 2017CF769 and Case No. 2017CF3355, at http://wcca.wicourts.gov (last visited Oct. 23, 2018). While Shaw states that he has filed several *pro se* motions, including a motion to dismiss for lack of probable cause (Docket # 1 at 3) and filed complaints with the Office of Lawyer Regulation and the Milwaukee County Circuit Court Chief Judge (*id.* at 9), it does not appear Shaw has addressed all of his pending claims with the state court. Thus, the face of the petition shows that Shaw has not exhausted his state court remedies. Further, Shaw does not present claims such as speedy trial or double jeopardy that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. As such, Shaw has not presented any exceptional circumstances to justify interfering with his ongoing state criminal proceedings. For these reasons, it is recommended that Shaw's § 2241 petition be dismissed.[1]

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Shaw's petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (a certificate of appealability is required in a § 2241 case where custody stems from process issued by the judicial branch—as opposed to the executive branch—of the state). Because no reasonable jurists would debate that Shaw has not exhausted his state court remedies or raised exceptional circumstances to justify interfering with his state criminal proceedings, I recommend denial of a certificate of appealability.

**NOW, THEREFORE, IT IS RECOMMENDED** that Shaw's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Shaw's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 24th day of October, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge