UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM R. SHAW,

    Petitioner,

v.           Case No. 18-C-1665

RICHARD SCHMIDT,

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION**

Petitioner William R. Shaw, a pretrial detainee, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting claims of malicious arrest, illegal search, abuse of process, prosecutorial misconduct, and ineffective assistance of counsel. ECF No. 1. On October 24, 2018, Magistrate Judge Nancy Joseph screened the petition and issued a Report and Recommendation recommending that the petition be dismissed. ECF Nos. 5–6. Petitioner filed objections to the Report and Recommendation on October 31, 2018. ECF No. 10. For the reasons below, the court will adopt the Report and Recommendation and dismiss the petition.

As a general rule, federal courts must abstain from interfering with ongoing state criminal proceedings unless immediate federal intervention is necessary. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009). A detainee "must proceed with his claims through regular state criminal proceedings, and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction." *Graf v. Clarke*, No. 14-C-1205, 2014 WL 5361309, at *1 (E.D. Wis. Oct. 20, 2014) (citing *Sweeney*, 612 F.3d at 573). Exceptions to this rule exist where a state court does not provide the opportunity to raise the federal

claims or where the petitioner asserts speedy trial or double jeopardy claims that must be addressed to prevent their becoming moot. *Sweeney*, 612 F.3d at 573; *Goodwill v. City of Sheboygan*, No. 17-cv-622-pp, 2017 WL 2275009, at *2 (E.D. Wis. May 24, 2017).

Petitioner is facing state criminal charges in two pending Milwaukee County Circuit Court cases: 2017CF769 and 2017CF3355. Petitioner claims that the state court has "unequivocally ignored" his claims and has not allowed the claims to be addressed in a motion hearing. In its latest motion hearing, however, the court has allowed Petitioner, who is represented by his sixth attorney to date, to file motions by November 9, 2018. *See* Consolidated Court Automation Programs (CCAP), Wisconsin Circuit Court Access, Case Nos. 2017CF769 and 2017CF3355, https://wcca.wicourts.gov (last visited Nov. 2, 2018). In any event, the petition only references a *pro se* motion to dismiss, which the court denied, several Office of Lawyer Regulation complaints against an assistant district attorney, and complaints filed with the chief judge of Milwaukee County Circuit Court. As Magistrate Judge Joseph noted, the petition does not demonstrate that Petitioner has addressed all his pending claims with the state court or that he has raised speedy trial or double jeopardy claims. Federal interference with state court proceedings is thus unwarranted.

Accordingly, the court adopts the Report and Recommendation (ECF Nos. 5–6) and orders the petition **DISMISSED**. A certificate of appealability is denied for the reasons recommended. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this   2nd   day of November, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court

2